EDWIN SIMONE, PLAINTIFF-RESPONDENT, v. HAMILTON B. FROBISHER, DEFENDANT-APPELLANT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Winne & Banta.*

For the respondent, *Joseph H. Gaudielle* and *James A. Major.*

PER CURIAM.

This was an action by Edwin Simone against Dr. Hamilton Frobisher for the alienation of the affections of plaintiff's wife and also for criminal conversation with her. There was a verdict for the plaintiff in the Bergen Circuit Court and the defendant appeals.

There are five grounds of appeal argued for reversal.

The first is that certain letters proved to have been written by the defendant and addressed to plaintiff's wife were received in evidence improperly. Objection to them was that while the handwriting of the defendant was proved, there was no proof that they were received by the wife or as to their custody from their date to the time of trial. A postmarked envelope seems to have accompanied the letters and the fact that this was dated twelve months after the date alleged in the complaint when the cause of action arose was also urged as an objection to their admission. The letters were in endearing terms, addressed to plaintiff's wife, deposited in the mail, and presumably received by her. In addition there was testimony that they had been handed by her to her counsel and by him turned over to the plaintiff's attorney. Their intermediate custody and date were of no importance.

The question asked of plaintiff on cross-examination, whether Mr. Shirvanian also represented his wife, was immaterial to the issue being tried and was properly overruled.

This question also put to plaintiff on cross-examination, "What is the best explanation you can give us, Mr. Simone, as to why you did not request your wife to return to you in the summer of 1926?" was overruled, but subsequently asked in modified form and answered.

Next it is said that the register of the Hotel Adirondack at Long Lake, New York, showing that defendant registered as "Hamilton J. Bain and wife, Hackensack, New Jersey," was improperly admitted. It is urged that the plaintiff's wife was not shown to be the woman involved. We think the evidence was sufficient to justify its admission. The defendant himself admitted taking the plaintiff's wife through the Adirondacks, and a Mrs. Martin testified that

Mrs. Simone spoke in defendant's presence of their having spent five delightful days at Long Lake.

Under the proofs it is quite clear that a nonsuit, refusal of which is a reason filed under the rule on the count charging criminal conversation, was properly denied.

The questions addressed to a witness named Julia Campbell, and the offer of a rent record of an apartment in which Mrs. Simone was living were properly overruled, the first because irrelevant and the second because incompetent.

Finally it is urged that an examination of the defendant, had before the trial in pursuance of an order of the Circuit Court judge, was improperly received in evidence. When the offer was made it was objected to as not being properly certified or signed by the defendant. It purports to have been certified as truly transcribed by the Supreme Court commissioner before whom the depositions were taken. The stenographer who took the depositions is shown to have been sworn. Section 144 of the Practice act provides that any party may be examined as a witness at the instance of the adverse party after issue joined before trial. Section 107 provides for the order of examination of a witness and directs that the testimony shall be reduced to writing and signed by the deponent "or the testimony may be taken by a stenographer who shall be sworn to take the same truly and the official shall certify that the same has been correctly taken and transcribed, in which case the signature shall not be necessary." Section 52 of the Evidence act of 1900, page 377, directs that any disposition or examination taken under the act "shall not be excluded for any irregularity in taking or returning the same, if the court in which the same is started shall be satisfied that the testimony of the witness has been fairly and truly taken and returned."

The depositions here taken seem to have been properly certified, and even if otherwise could not be excluded because of irregularity or informality in taking or returning the same.

The judgment is affirmed.